1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JOHN FREDERICK WHEELER, | ) 1:09-cv-01631-LJO-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) APPLICATION TO PROCEED IN FORMA |
| | ) PAUPERIS (DOC. 2) |
| v. | ) |
| | ) ORDER DISMISSING PLAINTIFF'S |
| The US Department of | ) COMPLAINT WITH LEAVE TO FILE AN |
| Education, et al., | ) AMENDED COMPLAINT NO LATER THAN |
| | ) THIRTY DAYS AFTER THE DATE OF |
| Defendants. | ) SERVICE OF THIS ORDER (DOC. 1) |
| | ) |
| | ) |

11
12
13
14
15
16
17

    Plaintiff is proceeding pro se with an action for damages
and other relief concerning alleged civil rights violations. The
matter has been referred to the Magistrate Judge pursuant to 28
U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    I. <u>Application to Proceed in Forma Pauperis</u>

    Plaintiff has submitted a declaration that makes the showing
required by § 1915(a). Accordingly, the request to proceed in
forma pauperis will be granted. 28 U.S.C. § 1915(a).

    II. <u>Screening the Complaint</u>

        A. <u>Legal Standards</u>

    In cases wherein the plaintiff is proceeding in forma

1

1  pauperis, the Court is required to screen each case and shall

2  dismiss the case at any time if the Court determines that the

3  allegation of poverty is untrue, or the action or appeal is

4  frivolous or malicious, fails to state a claim on which relief

5  may be granted, or seeks monetary relief against a defendant who

6  is immune from such relief. 28 U.S.C. 1915(e)(2).

7       "Rule 8(a)'s simplified pleading standard applies to all

8  civil actions, with limited exceptions," none of which applies to

9  section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506,

10  512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a

11  complaint must contain "a short and plain statement of the claim

12  showing that the pleader is entitled to relief . . . ." Fed. R.

13  Civ. P. 8(a). "Such a statement must simply give the defendant

14  fair notice of what the plaintiff's claim is and the grounds upon

15  which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual

16  allegations are not required, but "[t]hreadbare recitals of the

17  elements of a cause of action, supported by mere conclusory

18  statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937,

19  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

20  555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth

21  "sufficient factual matter, accepted as true, to 'state a claim

22  that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949

23  (quoting Twombly, 550 U.S. at 555). While factual allegations are

24  accepted as true, legal conclusions are not. Id. at 1949.

25       Determining whether a complaint states a plausible claim for

26  relief is generally a context-specific task that requires the

27  reviewing court to draw on its judicial experience and common

28  sense. However, where the well-pleaded facts do not permit the

2

court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

B. Plaintiff's Complaint

Plaintiff complains of letters or communications that Defendants Diversified Collection Services (DCS) and Van Ru Credit Corporation sent him concerning debts owed to unidentified creditors; however, Plaintiff later states that if he does not receive an apology and satisfaction from "THIS NOTICE" (an apparent reference to the complaint itself), he would file suit and ask for damages. (Cmplt. pp. 1-2.) Plaintiff later makes

3

1  conclusional statements to the effect that the aforementioned
2  Defendants, as well as the United States Department of Education,
3  deprived Plaintiff of unspecified rights in violation of 42
4  U.S.C. § 1983. He states that the Department of Education
5  threatened to collect a debt by attaching his Social Security
6  benefits, and that he received documents from Defendant Van Ru
7  concerning a loan application and that his civil rights have
8  thereby been violated.

9       Plaintiff's allegations are inconsistent, and it is unclear
10  whether he intends his complaint as an operative legal document
11  or whether his intention is to decide to sue or not upon learning
12  the reaction of Defendants to his complaint. Further, there is a
13  lack of clarity as to the delineation between events meant to be
14  recited to Defendants and events which Plaintiff intends to form
15  the basis of his complaint. Plaintiff will be given an
16  opportunity to file an amended complaint in which to state
17  specific facts constituting the conduct, and significant
18  attendant circumstances, for which Plaintiff intends to seek
19  relief.

20            C. Leave to Amend

21       In summary, the Court finds it necessary to dismiss the
22  complaint in its entirety. Plaintiff has failed to state a
23  cognizable claim against the defendants and has failed to plead
24  facts demonstrating jurisdiction in this Court. However, it is
25  possible that Plaintiff can allege a set of facts, consistent
26  with the allegations, in support of the claim or claims that
27  would entitle him to relief. Thus, the Court will grant Plaintiff
28  an opportunity to amend the complaint to cure the deficiencies of

4

1  this complaint. Failure to cure the deficiencies will result in
2  dismissal of this action without leave to amend.

3      Plaintiff is informed that the Court cannot refer to a prior
4  pleading in order to make Plaintiff's amended complaint complete.
5  Local Rule 15-220 requires that an amended complaint be complete
6  in itself without reference to any prior pleading. This is
7  because, as a general rule, an amended complaint supersedes the
8  original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
9  1967). Once Plaintiff files an amended complaint, the original
10 pleading no longer serves any function in the case. Therefore, in
11 an amended complaint, as in an original complaint, each claim and
12 the involvement of each defendant must be sufficiently alleged.
13 Plaintiff is warned that "[a]ll causes of action alleged in an
14 original complaint which are not alleged in an amended complaint
15 are waived." King, 814 F.2d at 567 (citing to London v. Coopers &
16 Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114
17 F.3d at 1474.

18     III. Disposition

19     Accordingly, it IS ORDERED that:

20     1) Plaintiff's application to proceed in forma pauperis IS
21 GRANTED; and

22     2) Plaintiff's complaint IS DISMISSED with leave to amend;
23 and

24     3) Plaintiff IS GRANTED thirty days from the date of service
25 of this order to file an amended complaint that complies with the
26 requirements of the pertinent substantive law, the Federal Rules
27 of Civil Procedure, and the Local Rules of Practice; the amended
28 complaint must bear the docket number assigned this case and must

5

be labeled "First Amended Complaint";  failure to file an amended

complaint in accordance with this order will be considered to be

a failure to comply with an order of the Court pursuant to Local

Rule 11-110 and will result in dismissal of this action.


IT IS SO ORDERED.

**Dated:**    **October 29, 2009**                          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE