1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOHN FREDERICK WHEELER,                    CASE NO. 1:09-cv-01631-LJO-SMS

10                         Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSAL OF
11        v.                                   PLAINTIFF'S FIRST AMENDED
                                               COMPLAINT FOR FAILURE
12   UNITED STATES DEPARTMENT OF               TO STATE A CLAIM
     EDUCATION, et al.,
13
                           Defendants.         (Doc. 4)
14   _____/

15

16        Plaintiff John Frederick Wheeler proceeds *pro se* and in *forma pauperis* in this civil

17   rights action pursuant to 42 U.S.C. § 1983.  When a plaintiff is proceeding *in forma pauperis*, the

18   Court is required to screen each case and to dismiss the case at any time if the Court determines

19   that the action (I) is frivolous or malicious or (ii) fails to state a claim on which relief may be

20   granted.  28 U.S.C. § 1915(e)(2)(B).  On October 30, 2009, this Court granted Plaintiff's motion

21   to proceed in forma pauperis but dismissed his complaint with leave to amend within thirty days

22   (Doc. 3).  On November 10, 2009, Plaintiff filed a first amended complaint (Doc. 4).  Because

23   the amended complaint fails to state a claim on which relief may be granted, the undersigned

24   recommends that this case be dismissed.

25   I.   **Pleading Standards**

26        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

27   exceptions," none of which applies to § 1983 actions.  *Swierkiewicz v. Sorema N.A.*, 534 U.S.

28   506, 512 (2002); F.R.Civ.P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

1   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P.

2   8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

3   and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual

4   allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action,

5   supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129

6   S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7   "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is

8   plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While

9   factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949**.**

10         Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

11   relief above the speculative level."  *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff

12   must set forth "the grounds of his entitlement to relief," which "requires more than labels and

13   conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56

14   (*internal quotation marks and citations omitted*).  To adequately state a claim against a defendant,

15   a plaintiff must set forth the legal and factual basis for his claim.

16         If a court determines that the complaint fails to state a claim, leave to amend should be

17   granted to the extent that the plaintiff could cure the complaint's deficiencies through

18   amendment or supplementation.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

19   But when it becomes obvious that a plaintiff cannot prevail on the facts that he has alleged and

20   that further amendment would be futile, the court may properly dismiss a pro se complaint. Id. at

21   1128.

22   **II.**     **Plaintiff's Complaint**

23         Plaintiff alleges that Defendants United States Department of Education, and its agents

24   Diversified Collection Services, Van Ru Credit Corporation, and Progressive Financial Services

25   violated his civil rights by "attempting to extort" various sums of money from him.  He contends

26   that, since the sum to be collected was due to Defendant Department of Education, the

27   Defendants were state actors, and 42 U.S.C. § 1983 applies.  According to Plaintiff, Defendants'

28   collection attempts caused him mental anguish, embarrassment, and humiliation.

Assuming that the Court properly understands Plaintiff's contentions, each Defendant has, on multiple occasions, attempted to collect from Plaintiff a sum of approximately $4,000.00. The amount due appears to be increasing with time as associated interest accrues.  In his amended complaint, Plaintiff alleges that he has never received money from any of the Defendants and that the Defendants have refused to identify the nature of the underlying debt.

In his original complaint, however, Plaintiff alleged that Defendant Van Ru Credit Corporation provided him with documentation showing that the amount due corresponded to a loan to "John Wheeler" associated with Wheeler's attendance at Golden State School, Chester Avenue, Bakersfield in or about 1987.  Borrower John Wheeler then lived on Lake Street. Plaintiff denied that he ever lived on Lake Street or attended Golden State School.  Plaintiff further contended that no such school ever existed.

## B.    **Failure to State Cognizable Claim**

Section 1983 of Title 42, U.S. Code, provides:

> Every person who, under color of and statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects of causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not confer rights but allows individuals to enforce rights included within the Constitution and defined by federal law. *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).   As such, § 1983 is merely a mechanism for enforcing rights defined elsewhere: a party cannot simply assert a violation of § 1983, which, by itself, does not protect anyone from anything. *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002).  To state a claim for relief under § 1983, a plaintiff must demonstrate two elements: (1) that "the defendant was acting under the color of state law at the time the acts complained of were committed," and (2) that "the defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979).

///

3

Because the United States Department of Education is a federal agency, not a state actor, § 1983 does not apply to it. As a result, the remaining Defendants can not be state actors by virtue of being agents of the Department of Education. In some circumstances, a plaintiff may vindicate compensable injury to a constitutionally protected interest by federal officials by bringing a suit for damages pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

A plaintiff may not bring a *Bivens* action against a federal agency or federal agents in their official capacity, however. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Morgan v. United States*, 323 F.3d 776, 780 n. 3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). Accordingly, Plaintiff does not allege facts that could establish the first element of a § 1983/*Bivens* claim.

Nor can he allege facts supporting the second element. Plaintiff never alleges that he was deprived of a right, privilege or immunity. In fact, Plaintiff has not been deprived of anything–Defendants have only demanded repayment of a debt that Plaintiff contends he did not incur.

The amended complaint does not state a cognizable cause of action for violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

**III.    Recommendation**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the undersigned **HEREBY RECOMMENDS** that this case be dismissed with prejudice.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

Court, Eastern District of California.  Within thirty (30) days after being served with a copy,

Plaintiff may file written objections with the Court.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review

the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that

failure to file objections within the specified time may waive his right to appeal the District

Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    July 16, 2010**                              /s/ **Sandra M. Snyder**
                                                                      UNITED STATES MAGISTRATE JUDGE